551 A.2d 3

Erie Insurance Exchange, Petitioner *v.* Constance B. Foster, in her official capacity as Commissioner of the Pennsylvania Insurance Department, Respondent.

Argued October 3, 1988, before Judges COLINS and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

Susan Hileman Malone, with her, Richard DiSalle and Michael L. Brenner, Rose, Schmidt, Hasley & DiSalle, Of Counsel: Vance C. Gudmundsen, Erie Insurance Exchange, for petitioner.

Richard J. Enterline, Assistant Counsel, with him, Karen Gantt, Assistant Counsel, Theodie L. Peterson, III, Chief of Litigation and Linda J. Wells, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, December 7, 1988:

The Erie Insurance Exchange (petitioner) petitions for review of a December 16, 1987, order of the Insurance Commissioner (Commissioner), which reinstated an automobile insurance policy issued to Kevin and Penny Kudasik (insureds). We reverse.

On May 26, 1984, Mr. Kudasik, while a passenger in an automobile not insured by petitioner, was arrested for possession of marijuana. Mr. Kudasik was placed on probation without verdict by the Court of Common Pleas of Somerset County. On May 12, 1987, petitioner mailed a notice to the insureds pursuant to Section 5 of the Act of June 5, 1968, P.L. 140, *as amended*, referred to herein as Act 78, 40 P.S. §1008.5, advising them that it would not be renewing their coverage effective July 1, 1987, because of a substantial increase in moral hazard as a result of Mr. Kudasik's marijuana possession.

Within a month of receiving the notice, and more than two and one-half years after he was placed on probation, Mr. Kudasik's record was expunged. By letter dated June 23, 1987, the insureds requested that the Pennsylvania Insurance Department (Department) investigate petitioner's non-renewal of the policy. The Department upheld the non-renewal. The insureds were then granted an administrative hearing.

The Commissioner, on December 16, 1987, reversed the Department's determination. The Commissioner ordered the policy reinstated and, further, directed the Bureau of Consumer Affairs to conduct an investigation into whether the petitioner's decision not to renew the policy was a retaliatory measure for the insureds' filing a lawsuit against another of petitioner's policyholders.[1] This appeal follows.

In reviewing a decision of the Insurance Commissioner, we must determine whether constitutional rights were violated, an error of law was committed, or the findings of fact are unsupported by substantial evidence. *Travelers Indemnity Co. of America v. Insurance*

---

[1] This suit was an unrelated personal injury action instituted against another Erie policyholder.

*Department,* 63 Pa. Commonwealth Ct. 542, 440 A.2d 645 (1981).

The petitioner first argues that the Commissioner did not have jurisdiction over this matter. Petitioner mailed the notice of non-renewal to the insureds on May 12, 1987. The insureds did not request review of this decision until June 23, 1987, forty-two (42) days after the date of the non-renewal notice. Section 8(a) of Act 78 in its pertinent part states:

> Any insured may within twenty days of the receipt by the insured of notice of cancellation or notice of intention not to renew, and of the receipt of the reason or reasons for the cancellation or refusal to renew as stated in the notice, request in writing to the Insurance Commissioner that he review the action of the insurer in cancelling or refusing to renew the policy of such insured.

40 P.S. §1008.8(a).

Petitioner argues that the requirement that the insured act within twenty (20) days in order to preserve the right to have the Commissioner review an insurer's decision not to renew a policy is mandatory. This Court has continually held that the timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the Court to hear and decide the appeal. *See Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985).

The Commissioner in her adjudication recognized this principle and stated: "Statutory appeal periods are mandatory except where there is evidence of fraud or its equivalent, non-negligent conduct of the appellant's attorney, or negligent acts by a third-party where the appellant himself has not been negligent." (citations omitted, Commissioner's opinion at page 6)

Nevertheless, the Commissioner felt that the decision whether to honor a late request for review was within the Commissioner's sound discretion and went on to find:

> [T]hat the Insureds were neither dilatory nor negligent in seeking review of the termination of their automobile policy. The delay was due to their attorney's unsuccessful effort to have the policy reinstated without requiring the services of the Insurance Department. Although it was incumbent upon Insureds' attorney to file a timely request for review, the Commissioner will not punish Insured for his attorney's negligence.

(Commissioner's opinion at 6-7)

The Commissioner then reviewed the termination of the insureds' policy under Section 9(a) of Act 78 based upon what she perceived was an independent duty to review the termination of any policy where the Commissioner has good cause to believe that the insurer is violating Act 78. Section 9(a) of Act 78 states in its applicable part:

> On receipt of a request for review or if as a result of investigation, the Insurance Commissioner has good cause to believe that an insurer is violating the act, the Insurance Commissioner or his designated representative shall notify the insurer thereof and shall review the matter to determine whether the cancellation or refusal to renew or to write was in violation of this act, and shall within forty days of the receipt of such request either order the policy written or reinstated or uphold the cancellation or refusal to renew. . . .

40 P.S. §1008.9(a).

We agree the Commissioner may review a policy cancellation under Section 9(a). However, such a re-

quest of an insured must be timely under Section 8(a), *i.e.*, within the twenty-day time period. Section 8(a) is a vehicle for the Commissioner to promptly review cancellations and to timely investigate unfair insurance practices. It is manifestly unfair to allow insureds to indefinitely sit on their rights, to the detriment of the insurer. By holding that the twenty-day period in Section 8(a) is mandatory, we are not saying that the Commissioner cannot perform her regulatory function. However, when acting in response to a claim of an unfair policy cancellation, it must be a timely claim.

Having found that the twenty-day time period of Section 8(a) is mandatory, the Commissioner erred as a matter of law by failing to grant the petitioner's motion to dismiss the insureds' appeal for lack of jurisdiction.[2]

Accordingly, the order of the Commissioner is reversed.

### Order

AND NOW, this 7th day of December, 1988, the order of the Insurance Commissioner in the above-captioned matter is hereby reversed.

---

[2] Having resolved this matter on the procedural issue obviates the need to determine whether the Commissioner's decision was supported by substantial evidence and whether the Commissioner abused her discretion by ordering the investigation of petitioner based upon retaliatory measures.