591 A.2d 366

**ALLSTATE INSURANCE COMPANY, Petitioner,**

v.

**INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1991.
Decided May 14, 1991.

Stephen L. Banko, Jr., Fulkrod, Reynolds & Havas, Harrisburg, for petitioner.

Zella M. Smith, Asst. Counsel, with her, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, Harrisburg, for respondent.

Before SMITH, and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Allstate Insurance Company (Allstate) petitions for review of the order of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), dated June 18, 1990, which ordered reinstatement of the automobile insurance policy of Jeffrey and Karen Woodside (collectively, Woodsides).

Testimony and evidence in the record established that on November 8, 1989, Allstate notified the Woodsides by letter that their automobile insurance policy was being cancelled for nonpayment of premium. The letter stated that the policy would no longer be in effect as of 12:01 a.m. November 27, 1989. In order to continue coverage, the letter provided that payment must be sent within 15 days.

Mr. Woodside attempted to pay the premium at his agent's office on November 26, 1989 after business hours, but was unable to do so because the office had already closed. Mrs. Woodside then made the payment at the agent's office at 9:00 a.m. November 27, 1989.

By letter dated December 7, 1989, Allstate returned the premium payment to the Woodsides and notified them that their policy had been cancelled on November 27, 1989 because of their failure to make a timely payment. Mr. Woodside testified that he received this letter on December 14, 1989.

The Woodsides filed a complaint form on January 10, 1990 with the Pennsylvania Insurance Department (Department) in which they stated that Allstate's cancellation was

not justified because the payment had been made on the due date but the agent failed to forward it to Allstate on time. On February 1, 1990, in response to the Woodsides' complaint, the Department dismissed the request for review as untimely because it was filed 44 days after the cancellation date.

On February 13, 1990, the Woodsides requested a formal administrative hearing. The Commissioner granted the request for a hearing and appointed a presiding officer before whom the hearing was conducted on April 5, 1990. 1 Pa.Code § 35.185. Thereafter, the Commissioner issued a decision on June 18, 1990.[1] In her order, the Commissioner, in effect, reversed the Department's determination that the Woodsides' appeal was untimely, ordered reinstatement of the Woodsides' insurance policy and imposed a civil penalty of $300 upon Allstate.[2] Upon application of Allstate, the Commissioner thereafter granted a supersedeas on July 17, 1990 and stayed the payment of the penalty pending resolution of Allstate's petition for review here.

Allstate raises the following issues here: (1) whether the Department was without jurisdiction to consider the Wood-

1. Pursuant to 1 Pa.Code § 35.226(a)(4), the Commissioner may file a decision in a proceeding in which a presiding officer has presided; the Commissioner could have required the presiding officer to file a proposed report but did not do so in this case, as permitted by this section.

2. The Commissioner's order states, in relevant part:
   1. The February 1, 1990 determination by the Insurance Department of the Commonwealth of Pennsylvania, which dismissed Jeffrey and Karen Woodside's request for review of the cancellation of their automobile insurance policy, No. 008 353 152 issued by Allstate Insurance Company is REVERSED.
   2. Allstate Insurance Company shall immediately reinstate as of the date of this Order and shall cease and desist from cancelling Jeffrey and Karen Woodside's automobile insurance policy, No. 008 353 152.
   3. Payment of a three hundred dollar ($300.00) penalty is due no later than thirty (30) days from the date of this Order. Payment of this penalty shall be made by certified check or money order, made payable to the Commonwealth of Pennsylvania, and directed to Nancy M. Baker, Administrative Officer, Legal Division, Room 1341, Strawberry Square, Harristown State Office Building No. 1, Harrisburg, Pennsylvania 17120.

sides' request for administrative review because the request was untimely pursuant to Section 5(4) of the Act of June 5, 1968, P.L. 140, *as amended*, 40 P.S. § 1008.5(4) (Act 78); and (2) whether the Commissioner's order to reinstate the Woodsides' insurance policy is supported by substantial evidence, constitutes an error of law, is arbitrary and capricious, or is otherwise unconstitutional.

In reviewing a decision of the Insurance Commissioner, we must determine whether constitutional rights were violated, an error of law was committed, or the findings of fact are unsupported by substantial evidence. *Travelers Indemnity Co. of America v. Insurance Department*, 63 Pa.Commonwealth Ct. 542, 440 A.2d 645 (1981).

We will first address the timeliness issue. Section 5 of Act 78, 40 P.S. § 1008.5, provides the necessary contents of a notice of cancellation or a refusal to renew. Section 5(4) provides:

> No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall deliver or mail, to the named insured at the address shown in the policy a written notice of the cancellation or refusal to renew. Such notice shall:
>
> .    .    .    .    .
>
> (4) Advise the insured of his right to request in writing, within thirty days of the receipt of the notice of cancellation or intention not to renew, and of the receipt of the reason or reasons for the cancellation or refusal to renew as stated in the notice of cancellation or of intention not to renew, that the Insurance Commissioner review the action of the insurer.

Allstate sent a notice of cancellation to the Woodsides on November 8, 1989, in compliance with Section 5 of Act 78, which stated:

> Your AUTOMOBILE insurance policy ... is being cancelled by Allstate for Non–Payment of Premium. THIS CANCELLATION MEANS THAT THIS POLICY WILL NO LONGER BE IN FORCE ON 11/27/89 12:01 AM

(Standard Time) PLEASE SEND YOUR PAYMENT WITHIN 15 DAYS TO CONTINUE YOUR COVERAGE WITH ALLSTATE.

(Exhibit #1, Reproduced Record, p. 19a)

Mr. Woodside admitted that he received this notice. (N.T., 4/5/90, p. 15) The notice clearly states that payment must be made within 15 days, i.e., November 23, 1989, for coverage to continue. Failure to make payment by that date would result in cancellation. The notice provided that the insurance coverage would stop at 12:01 a.m. November 27, 1989. The Woodsides did not make the required payment until 9:00 a.m. November 27, 1989, nine hours after the cancellation became effective. Mr. Woodside testified as to his knowledge of the effective time of the cancellation, as follows:

PRESIDING OFFICER: About what time did you get there?

THE WITNESS: It was about 10 to six, 6:00 *which I knew I was going to be late* and their business hours I believe are until 5:00. At that point I had my wife present herself to the Goddard Agency first thing in the morning as it is noted. That time of payment is 11/27/89. *After the 12:01 a.m. cancellation time.*

At that point it was not communicated to us by the agent that the policy would not be continued through in it is (sic) full effect. Assuming that there was no indication of either positive or negative, *we assumed that it was a positive and it would continue full in effect.*

On December 7th, this letter that we received on December 14th, indicates that the policy was canceled prior to our payment and that it remains canceled as of the date of cancellation because it was made after the cancellation date.

(N.T., 4/5/90, pp. 11–12) (emphasis added)

In *Erie Insurance Exchange v. Foster*, 121 Pa.Commonwealth Ct. 500, 551 A.2d 3 (1988), this Court held that the

statutory time period for an insured to file a request for review of a notice of cancellation is mandatory. We further noted that this Court has continually held that the timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. *See Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985).

The evidence establishes that November 8, 1989 is the date on which the Woodsides were notified of cancellation of their insurance policy, and that they were aware of the cancellation date and time. Accordingly, as mandated in Section 5(4) of Act 78, 40 P.S. § 1008.5(4), the 30–day appeal period commenced on the date of receipt of the November 8, 1989 cancellation notice. Thus, the request for review, filed on January 10, 1990, exceeded the 30–day period and was properly dismissed by the Department as untimely.[3]

For the foregoing reasons, we reverse the order of the Commissioner and reinstate the determination of the Department.

## ORDER

AND NOW, this 14th day of May, 1991, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania, dated June 18, 1990, is reversed, and the determination of the Insurance Department, dated February 1, 1990, is reinstated.

---

**3.** Because of our disposition of this case on this issue, we need not address Allstate's question of whether the Commissioner's order is supported by substantial evidence, constitutes an error of law, is arbitrary and capricious, or is otherwise unconstitutional.