641 A.2d 1240

**Guerino MARCONI, Petitioner,**

v.

**INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided Jan. 28, 1994.

Publication Ordered May 24, 1994.

---

Steven B. Mirow, for petitioner.

Jeffrey P. Soderstedt, for respondent.

Michael R. Kelley, for intervenor, Nationwide Mut. Ins. Co.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Guerino Marconi (Marconi) appeals from the refusal of the Pennsylvania Department of Insurance (Department) to hold a formal administrative hearing reviewing the cancellation of his automobile insurance policy because his hearing request was untimely.

Nationwide Mutual Insurance Company (Nationwide) notified Marconi that it intended to cancel his automobile insurance policy, No. 58 C 496 810. Marconi requested the Insurance Department to investigate the legality of the cancellation under the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act 78). After conducting an investigation, the Department notified Marconi by way of an Investigative Report/Order mailed on January 26, 1993, that Nationwide's cancellation was not in violation of Act 78. The Investigative Report/Order advised Marconi that if he wanted to have a formal hearing held on the cancellation, he would have to sign

and date the enclosed form and that the form would have to be received by the Department within 10 days[1] of his receipt of the Investigative Report/Order. Marconi returned the form requesting a formal hearing, along with a letter dated February 3, 1993, postmarked February 8, 1993, but it was not received by the Department until February 9, 1993, 14 days after the Investigative Report/Order was mailed.

▪ The Department denied the response as untimely because it did not receive Marconi's request for a hearing within 10 days of his deemed receipt of the Investigative Report/Order.[2] Marconi admitted that he had filed his request for a formal hearing "a day or two late", but requested reconsideration because during the appeal period, he had been confined to his bed with an illness and the deaths of three immediate family members overburdened him with funeral and burial responsibilities. Before the Department acted on his request for reconsideration,[3] Marconi filed this appeal.[4]

1. 31 Pa.Code § 61.6 provides in relevant part:

   (c) Upon completion of the investigation, a copy of the investigative report will be supplied to both the insured and the insurer. Within 10 days of receipt of the report, either party may submit written comments for consideration by the Insurance Commissioner.
   (d) At the time written comments are submitted, if either the insured or the insurer desires a formal administrative hearing, the request shall be made.

2. Department practice at that time was to deem receipt three (3) days after mailing. While we repudiated this practice in *Teachers Insurance Co. v. Foster*, 154 Pa.Commonwealth Ct. 147, 623 A.2d 388 (1993), the Department's error in this regard was harmless because Marconi admitted that his request was made to the Department more than 10 days after his receipt of the Investigative Report/Order.

3. Subsequent to the filing of this appeal, the Department denied Marconi's request for reconsideration by order of April 23, 1993, on the basis that the reasons he alleged for having filed an untimely appeal would not warrant an appeal *nunc pro tunc*.

4. Our scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether Marconi's constitutional rights were violated, whether the Department's findings of fact are supported by substantial evidence or whether the Department committed an error of law. *Travelers Indemnity Co. of America v. Insurance Department*, 63 Pa.Commonwealth Ct. 542, 440 A.2d 645 (1981).

Marconi does not dispute that his request for a formal hearing was received by the Department more than 10 days after he received the Department's Investigative Report/Order. Marconi admitted that he made his request for a hearing more than 10 days after his receipt of the Investigative Report/Order. Rather, his contention challenges the sufficiency of the 10 day appeal period and the method used to calculate that period. Marconi contends that the 10 day appeal period mandated by 31 Pa.Code § 66.1 is an insufficient period of time for individual insureds to request an administrative hearing. He argues that unlike the case of businesses, it is improper to presume that someone is available to receive mail every business day in a private residence.

■ The limitation on time for taking action under Act 78 is imposed upon policy holders to permit the Commissioner to promptly review policy cancellations and investigate unfair insurance practices in a timely manner. *Erie Insurance Exchange v. Foster,* 121 Pa.Commonwealth Ct. 500, 551 A.2d 3 (1988). Pursuant to 31 Pa.Code § 61.6, one has 10 days from the date they receive an Investigative Report/Order in which to request a formal hearing before the Commissioner. *Teachers Insurance Co., supra,* 154 Pa.Cmwlth. at 149–151, 623 A.2d at 390. All that is needed to request a formal hearing is to sign and date the request form provided with the Investigative Report/Order and mail it to any of the Department's regional offices; no investigation is required nor does any theory need to be formulated.[5] Given the simplicity of this process, we do not feel that from the date of receipt, 10 days is a patently unreasonable period of time in which to request a formal hearing before the Commissioner.

■ Marconi also contends that the Department deprived him of due process by not granting him a hearing on whether he should be allowed to make his request *nunc pro tunc.* Only when a petition to appeal *nunc pro tunc* sets forth

---

5. We note that a party requesting a formal hearing is not restricted to using the U.S. Postal Service to make delivery. In addition to the numerous express delivery services available, one may completely eliminate the vagaries of mailing by personally delivering the request to a regional office.

allegations sufficient to warrant such an appeal must a hearing be held to determine the validity of those allegations. *Connor v. Westmoreland County Board of Assessment Appeal,* 143 Pa.Commonwealth Ct. 86, 598 A.2d 610 (1991). A *nunc pro tunc* appeal may only be granted when it is shown that extraordinary circumstances involving fraud or its equivalent, duress, coercion, or a third party's non-negligent conduct caused the delay in filing. *Pickering v. Unemployment Compensation Board of Review,* 80 Pa.Commonwealth Ct. 315, 471 A.2d 182 (1984); *Sewickley Valley Hospital v. Department of Public Welfare,* 121 Pa.Commonwealth Ct. 337, 550 A.2d 1351, *petition for allowance of appeal denied,* 524 Pa. 614, 569 A.2d 1372 (1989). Marconi's petition alleges that the reason for his delay in filing a request for a formal hearing was due to his being ill and being required to occupy himself with making funeral arrangements following the deaths of three relatives. However, even if these allegations are true, they are not sufficient grounds to grant a *nunc pro tunc* appeal because they do not establish any fraud, non-negligent third party conduct or breakdown in the administrative process which might excuse an untimely filing. *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct 154, 525 A.2d 874 (1987). Therefore, any hearing on the validity of these allegations would have been moot.

Because Marconi did not request a hearing within the 10 day jurisdictional period and has alleged no grounds sufficient to permit a *nunc pro tunc* appeal, the Order of the Department is affirmed.[6]

### ORDER

AND NOW, this 28th day of January, 1994, the order of the Pennsylvania Insurance Department, No. PH93–02–05, dated March 9, 1993, is affirmed.

6. We also reject Marconi's contention that the Department should have applied Pennsylvania Rule of Civil Procedure 106 to its computation of the appeal period. Absent specific authorization, the Rules of Civil Procedure do not apply to statutory appeals. *Appeal of the Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). Neither Act 78, the Rules of Civil Procedure nor Department regulations incorporate the Rules of Civil Procedure.

McGINLEY, Judge, dissenting.

I respectfully dissent because I believe that the ten-day appeal period in 61 Pa.Code § 61.6 is unreasonable and does not provide sufficient time for the insured to timely appeal a policy cancellation. I would reverse the decision of the Insurance Department and remand for a formal administrative hearing.