Thom E. LEWIS, Petitioner

v.

**INSURANCE DEPARTMENT,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 2007.

Decided Aug. 28, 2007.

No appearance entered on behalf of petitioner.

Trevor I. Poremba, Harrisburg, for respondent.

BEFORE: COLINS, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Before this court is the Insurance Department's application for summary relief[1] with respect to Thom E. Lewis's (Lewis) petition for review of the November 13, 2006, order of the Insurance Commissioner, M. Diane Koken. That order affirmed a determination by the Insurance Department that Lewis's appeal of Progressive Insurance Company's (Progressive) termination of his automobile insurance policy was untimely. We grant the Insurance Department's application and dismiss Lewis's petition for review.

On December 12, 2005, Progressive issued a "Rescission of Coverage Notice" purporting to rescind Lewis's automobile insurance policy as of the date of inception because the bank would not honor Lewis's down payment check.[2] (Exhs. L–2; P–4.) On March 10, 2006, Lewis filed a complaint with the Insurance Department and requested review of Progressive's action pursuant to Article XX of The Insurance Company Law of 1921[3] (Act 68), the law governing termination of private-passenger automobile insurance policies. The Insurance Department issued an investigative report dismissing Lewis's request as untimely under section 2008 of Act 68,[4] 40 P.S. § 991.2008, and Lewis appealed to the Insurance Commissioner requesting a for-

---

1. The Insurance Department's application is made pursuant to Pa. R.A.P. 1532(b), which provides: "**(b) Summary relief.** At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."

2. The rescission notice stated, in part, "In accordance with the terms of your policy, which require your payment of premium as consideration for issuance of coverage by this company, all coverage is rescinded and declared VOID as of 12:01 A.M. on the date of policy inception 11/04/05." (Exh. L–2.) The Application for Insurance signed by Lewis on November 4, 2005, contained an agreement stating, "I affirm that if I make my initial payment by ... check ..., the coverage afforded under this policy is conditioned on payment to the Company by the financial institution." If the ... check ... is not honored by the financial institution, the Company shall be deemed not to have accepted the payment and this policy shall be void. (Exh. P–4 at 3.)

3. Act of May 17, 1921, P.L. 682, *as amended,* added by section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. §§ 991.2001– 991.2013. The provisions of Act 68 substantially reenacted the repealed Act of June 5,

1968, P.L. 140, 40 P.S. §§ 1008.1–1008.11 (Act 78); thus, many cases construing Act 78 continue to have precedential effect on cases dealing with Act 68. *Beitler v. Department of Transportation, Bureau of Motor Vehicles,* 811 A.2d 30 (Pa.Cmwlth.2002), *appeal denied,* 576 Pa. 714, 839 A.2d 353 (2003).

4. Section 2008 of Act 68 provides:

(a) Any insured may, within thirty (30) days of the receipt by the insured of notice of cancellation or notice of intention not to renew and of the receipt of the reason or reasons for the cancellation or refusal to renew as stated in the notice, request in writing to the Insurance Commissioner that the Insurance Commissioner review the action of the insurer in cancelling or refusing to renew the policy of such insured.

(b) Any applicant for a policy who is refused a policy by an insurer shall be given a written notice of refusal to write by the insurer. The notice shall state the specific reason or reasons of the insurer for refusal to write a policy for the applicant. Within thirty (30) days of the receipt of such reasons, the applicant may request in writing to the Insurance Commissioner that the Insurance Commissioner review the action of the insurer in refusing to write a policy for the applicant.

mal administrative hearing. The Insurance Commissioner appointed a hearing officer, and a hearing was held on May 25, 2006, where the parties submitted evidence on both the timeliness of Lewis's review request and the merits of Progressive's policy "termination." [5]

With respect to timeliness, Lewis testified that, on November 4, 2005, he purchased a Progressive automobile insurance policy from his independent insurance agent and gave the agent a premium check. (N.T. at 111–12.) Lewis asserted that he did not receive the December 12, 2005, notice of the policy termination from Progressive; [6] rather, he first learned of it on December 13, 2005, when he went to his agent's office to make a payment on the policy and was told that the policy had been voided. Lewis stated that he did not challenge the policy termination but immediately purchased another automobile insurance policy as instructed by his agent. (N.T. at 20–23, 27–30.) According to Lewis, the next information he received about his automobile insurance policy came at the end of December 2005, when the Pennsylvania Department of Transportation (DOT) sent a letter stating that it had received notice from Progressive that Lewis had a lapse of insurance. Lewis testified that he responded by sending documentation to DOT in an effort to establish that there was no lapse; however, on February 5, 2006, Lewis received notice from DOT imposing a ninety-day suspension of his automobile registration due to his insurance lapse. (N.T. at 13–14, 23–25.) Lewis agreed that DOT's notice also informed him that he had thirty days to take action, (N.T. at 30–31); however, he did not formally file a complaint requesting review until March 10, 2006. (N.T. at 18–20, 28–29.) When asked why he waited, Lewis responded, "I honestly don't know." (N.T. at 31.)

Tiffany Burton, an employee of Progressive who deals with cancellation mailings to policyholders, testified that the termination notice was mailed to Lewis in the regular course of business on December 12, 2005,[7] that the notice was sent to the address that Lewis had provided when he applied for the insurance policy and that the notice contained the required information regarding a right to request review by the Insurance Commissioner within thirty

---

40 P.S. § 991.2008.

**5.** Although Progressive issued a rescission notice, the hearing officer and the Insurance Commissioner often have used the terms rescission, termination and cancellation interchangeably. In fact, in his response to the Insurance Department's application for summary relief, Lewis makes much of the fact that this was a rescission, not a cancellation, of his automobile insurance policy. Lewis maintains that the two are not identical, and, therefore, the proper "notice of *cancellation*" required by Act 68 was never mailed or received; instead, Progressive substituted a different notice that was in violation of, and excluded from, the provisions of Act 68. We agree with Lewis that the terms rescission of a contract and cancellation of a contract are two separate and distinct legal concepts. However, this distinction is of no moment where Lewis waited more than thirty days to request review of Progressive's action.

**6.** Lewis was not aware of any mailing problems at his home during December 2005 that would have prevented him from receiving the December 12, 2005, rescission notice. (N.T. at 66–68.) In fact, Lewis did receive two automobile insurance payment reminders, one in November and one in early December of 2005. (N.T. at 48–49; Exhs. L–3 and L–4.) The December 5, 2005, notice informed him that his payment was past due. (Exh. L–3.) Lewis presented a copy of the rescission notice, which he said his agent gave him on March 30, 2006. (N.T. at 28; Exh. L–2.)

**7.** Burton testified that Lewis's insurance agent first informed Progressive on December 8, 2005, that Lewis's initial policy payment check had not been honored by the bank. (N.T. at 57.)

days. To corroborate this testimony, Progressive presented a copy of internal business documents establishing the mailing of the notice to Lewis and a certificate of mailing from the United States Post Office. (N.T. at 34–38, 43, 61–63; Exhs. L–2, P–1, P–2.) Burton also testified that the notice was not returned to Progressive as undeliverable. (N.T. at 44.)

■ Based on this testimony, the Insurance Commissioner affirmed the Insurance Department's determination that Lewis's request for review should be dismissed as untimely. Lewis filed a petition for review with this court, and the Insurance Department filed an application for summary relief arguing that there is no basis for Lewis's petition.[8] We agree.

■ Act 68 requires an insurer to notify its insured of an automobile insurance policy termination, section 2006 of Act 68, 40 P.S. § 991.2006; thereafter, Act 68 grants an insured the right to a review by the Insurance Commissioner, provided that the insured makes a written request for review within thirty days of receipt of the notice of termination. Section 2008 of Act 68, 40 P.S. § 991.2008. This statutory review period is mandatory, and compliance with the statutory provisions that grant the right of review goes to the Commissioner's jurisdiction to hear and decide the case. *Erie Insurance Exchange v. Foster*, 121 Pa.Cmwlth. 500, 551 A.2d 3 (1988). Thus, the merits of Lewis's case may be examined only if Lewis's request

for review was timely. The record here establishes that it was not.

■ In order to satisfy its burden of proving that it notified Lewis of the termination of his automobile insurance policy, Progressive provided Burton's credible testimony that Progressive mailed a notice of termination to Lewis on December 12, 2005, and that the notice was not returned to Progressive as undeliverable. In addition, Progressive also presented corroborating documents, including a copy of the termination notice, a printout of Progressive's internal business records listing clients who were issued termination notices along with the dates of mailing. Lewis's name, with his correct address, was listed among those who were mailed termination notices on December 12, 2005, and a certificate of mailing from the United States Post office verified this mailing. Such evidence has been found, as a matter of law, sufficient proof of mailing for the purposes of Act 68. *See Donegal Mutual Insurance Company v. Pennsylvania Department of Insurance*, 694 A.2d 391 (Pa. Cmwlth.1997). Lewis's mere denial that he received Progressive's notice is not sufficient to rebut the presumption that the December 12, 2005, notice was received. *Id.* Moreover, Lewis admitted that he had actual notice of the policy termination on December 13, 2005, when his insurance agent informed him of the fact. Therefore, the Insurance Commissioner correctly found that Lewis's March 10, 2006, request for review was untimely and that she lacked jurisdiction to consider the merits of his case.[9] *See Allstate Insurance Com-*

---

8. Our scope of review of an order by the Insurance Commissioner is limited to determining whether constitutional rights were violated, an error of law was committed or whether the findings of fact are supported by substantial evidence. *Tryson v. Pennsylvania Insurance Department*, 784 A.2d 857 (Pa. Cmwlth.2001).

9. Although Lewis did not formally request that he be allowed to proceed with his request for review *nunc pro tunc,* the Insurance Commissioner considered, and rejected, this possibility. The Insurance Commissioner recognized that a *nunc pro tunc* appeal may be granted only where the insured shows that the delay was caused by extraordinary circumstances involving fraud, some breakdown

*pany v. Insurance Department,* 140 Pa. Cmwlth. 45, 591 A.2d 366 (1991).

Act 68 provides a comprehensive regulatory scheme that includes review of automobile insurance terminations by the Insurance Commissioner. These procedures must be followed, and because Lewis failed to timely avail himself of the administrative remedy provided in section 2008 of Act 68, he is precluded from seeking judicial recourse. Accordingly, we grant the application for summary relief filed by the Insurance Department, and we dismiss Lewis's petition for review of the Insurance Commissioner's order.

### ORDER

AND NOW, this 28th day of August, 2007, we grant the application for summary relief filed by the Insurance Department, and we dismiss the petition filed by Thom E. Lewis seeking review of the order of the Insurance Commissioner, dated November 13, 2006.

in the administrative process or non-negligent circumstances related to the insured, his counsel or a third party. *J.C. v. Department of Public Welfare,* 720 A.2d 193 (Pa.Cmwlth. 1998); *Marconi v. Insurance Department,* 163 Pa.Cmwlth. 23, 641 A.2d 1240 (1994). The party seeking relief from a time limit must establish that: (1) the request for review was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is very short; and (3) the insurer will not be prejudiced by the delay. *J.C.* We agree with the Insurance Commissioner that Lewis failed to establish these elements, making dismissal of his untimely request for review appropriate.