J-S55023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VONDA PROBST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL L. PROBST | : | |
| | : | |
| Appellant | : | No. 1132 WDA 2018 |

Appeal from the Order Dated July 10, 2018
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2015-5129

BEFORE:    MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JANUARY 23, 2020**

Randall L. Probst ("Husband") appeals from the order denying his Motion for Reinstatement of Divorce Exceptions. We affirm on the basis of the trial court opinion.

Vonda Probst ("Wife") filed a complaint in divorce against Husband in 2015. Trial Court Opinion, filed 12/19/2018, at 1. A divorce Master conducted a hearing on April 20 and 21, 2016, at which Wife was represented by counsel and Husband proceeded *pro se*. **Id.** The Master filed his Report and Recommendation in November 2017, and Husband filed timely Exceptions to the Master's Report and Recommendation. **Id.** at 2.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court held argument on Husband's Exceptions in January 2018, at which it ordered Husband to request the transcripts of both the Master's hearing and the argument on the Exceptions.[1] *Id.* Husband requested the transcripts. *Id.* In March and April of 2018, the court notified Husband that he was required to pay transcript fees of $1,630.50. *Id.* at 2 n.2. On April 20, 2018, as Husband had not paid the transcript fees, and the trial court was unable to review the merits of Husband's Exceptions without the transcripts, the trial court dismissed Husband's Exceptions without prejudice. *Id.* at 2. The trial court also adopted the Master's recommended order, and entered a final divorce decree. *Id.*

Husband subsequently retained counsel, and, in June 2018, filed a Motion for Reinstatement of Divorce Exceptions. *Id.* The court held a hearing, and denied the Motion. *Id.*[2]

Husband filed the instant appeal,[3] raising a sole issue:

> Whether the trial court erred in denying Husband's Motion for Reinstatement of Divorce Exceptions, as Husband was entitled to relief *nunc pro tunc* according to the controlling precedents?

---

[1] A transcript of the argument and the court's order are not included in the certified record.

[2] At the hearing, Husband's counsel stated Husband intended to wait for the trial court's ruling on the Motion before paying for the transcripts. N.T., 7/9/18, at 3.

[3] Husband has paid the transcript fees while the case has been pending on appeal. Tr. Ct. Op. at 3.

Husband's Br. at 3 (italics added). Husband argues the trial court erred in denying his Motion for Reinstatement of Divorce Exceptions because (1) he was self-represented during the proceedings below, (2) he has mental health issues, and (3) the cost of the transcripts was prohibitively high. *Id.* at 8. Husband contends these were "unique and exceptional circumstances" and that he was not negligent in failing to pay the transcript fees. *Id.*[4]

In its opinion, the trial court explained that in civil cases, *nunc pro tunc* relief is generally afforded where there are circumstances outside of a party's control, such as a breakdown in court operations. Tr. Ct. Op. at 3-4. The court further explained that *nunc pro tunc* relief may also be warranted after a showing of "extraordinary circumstances," and that this determination is within the discretion of the trial court. *Id.* at 4-5 (citing *Woods v. Cicierski*, 937 A.2d 1103 (Pa.Super. 2007) and *Freeman v. Bonner*, 761 A.2d 1193 (Pa.Super. 2000)). The court then found that Husband failed to show he is entitled to *nunc pro tunc* relief for the following reasons: Husband was self-represented, and therefore the power to comply with the court's order to pay for the transcript fees was within Husband's, and not counsel's, control; Husband did not request *in forma pauperis* status to establish his inability to pay for the transcripts; and Husband provided no "evidence to support his vague mental health defense, despite his claim that these problems caused his inability to pay for transcripts." *Id.* at 5.

---

[4] Wife did not file a brief, and this Court issued a *per curiam* order granting Wife's counsel's request to withdraw.

The trial court did not abuse its discretion in denying Husband's Motion. Husband does not, on appeal, or before the court below, elaborate regarding what his mental health issues entail, or why he was unable to afford to pay the transcript fees. The fact that Husband did not have counsel during the divorce proceedings does not excuse his failure to obtain the transcripts. **See Blatz v. Blatz**, 603 A.2d 666, 668 (Pa.Super. 1992).

After a review of the record and the applicable law, we affirm on the well-reasoned opinion of the Honorable Linda Rovder Fleming, which we adopt and incorporate herein. **See** Tr. Ct. Op. at 1-5.[5]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2020

---

[5] As we conclude the trial court did not abuse its discretion in finding Husband failed to present unique and exceptional circumstances, we need not address Husband's argument regarding the merit of his Exceptions or his contention that reinstatement of his Exceptions would not prejudice Wife.

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY
CIVIL DIVISION

| | | |
|---|---|---|
| VONDA PROBST, | : | NO. 2015 – 5129 |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| RANDALL L. PROBST, | : | 1132 WDA 2018 |
| Defendant. | : | |
| | : | |

FILED FOR RECORD 2018 DEC 19 PM 4:01 PROTHONOTARY CAMBRIA COUNTY, PA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEARANCES:

    For the Plaintiff:        JAMES PAPPAS, ESQUIRE

    For the Defendant:      DAVID T. LEAKE, ESQUIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION IN SUPPORT OF ORDER PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

FLEMING, J., December 19, 2018. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court submits the following Opinion in Support of Order dated April 20, 2018, and filed April 23, 2018:

### PROCEDURAL HISTORY

On December 24, 2015, Plaintiff Vonda Probst ["Wife"] filed a Complaint in Divorce against Defendant Randall L. Probst ["Husband"]. REPORT OF STANDING MASTER FILED ON NOVEMBER 13, 2017, p. 1. On April 20, 2016, and April 21, 2016, Standing Master Ralph J. Trofino conducted an evidentiary hearing to address divorce, equitable distribution, alimony, counsel fees, and costs. *Id.* at p. 2. Wife appeared at the hearing with her attorney; Husband was self-represented. *Id.* Following the hearing, the Master left the record open for thirty (30) days for Wife to review and respond to subpoenaed documentation Husband provided the day before the Hearing. *Id.* at pgs. 2-3. Wife did not respond within the time allotted, but she submitted two documents dated July 13, 2017, and August 14, 2017, detailing real estate

37

allegedly owned by the parties and by Husband's business, Probst Properties. *Id.* at p. 3. The Master filed his Report and Recommendation on November 13, 2017. *Id.* at p. 1.

On November 29, 2017, Husband filed Exceptions to the Master's Report and Recommendation. DEFENDANT'S EXCEPTIONS TO MASTER'S REPORT AND RECOMMENDATION, FILED ON NOV. 29, 2017. The trial court entertained oral argument on January 8, 2018. ORDER DATED DEC. 1, 2017. At the court's direction, Husband requested the hearing transcripts for the Master's hearing and oral argument;[1] and the trial court approved the request on January 30, 2018. REQUEST FOR TRANSCRIPT FILED ON FEB. 5, 2018. Husband failed or refused to pay for the transcripts.[2] By Order dated April 20, 2018, the trial court dismissed Husband's Exceptions without prejudice because the court was unable to consider the merits of Husband's appeal without the transcripts. ORDER DATED APRIL 20, 2018. The trial court also executed the Master's recommended order. MASTER'S RECOMMENDED ORDER DATED APR. 20, 2018.

On May 18, 2018, Attorney David T. Leake entered his appearance on behalf of Husband. ENTRY OF APPEARANCE FILED ON MAY 18, 2018. On June 1, 2018, Husband filed a Motion for Reinstatement of Divorce Exceptions. DEFENDANT'S MOTION FOR REINSTATEMENT OF DIVORCE EXCEPTIONS FILED ON JUNE 1, 2018. Simultaneously, Husband filed three Requests for Transcripts seeking production of the records for both days of testimony (April 20 and 21, 2016) and oral argument (January 8, 2018). DEFENDANT'S REQUESTS FOR TRANSCRIPTS FILED ON JUNE 1, 2018. The trial court denied Husband's Motion for Reinstatement on July 10, 2018, after argument. ORDER DATED JULY 10, 2018.

On August 7, 2018, Husband filed a timely Notice of Appeal. NOTICE OF APPEAL FILED ON AUG. 7, 2018. On September 7, 2018, Husband filed a Concise Statement of Issues on

---

[1] Husband requested transcripts for the wrong dates, *i.e.*, June 21-22, 2016, rather than April 20-21, 2016.
[2] Court Administrator records indicate that staff initially forwarded Husband's Request for Transcript on or about January 30, 2018, to the court reporters covering the Master on June 21 and June 22, 2016. The reporters determined that Husband had requested transcripts for the wrong hearing dates. The Court Administrator worked with the trial court's staff to determine the correct dates for transcripts. In March 2018, the Deputy Court Administrator contacted Husband twice by phone to advise him that he was required to pay transcript fees of $1,630.50. The Deputy Court Administrator confirmed the fees in a letter to Defendant dated April 5, 2018, requesting payment within 15 days. *See* N.T. (JULY 9, 2018), pgs. 6-7.

2

Appeal Pursuant to Pa.R.A.P. 1925 ["Concise Statement"]. CONCISE STATEMENT FILED ON SEPTEMBER 7, 2018. Husband argues that he is entitled to *nunc pro tunc* relief because: (1) Husband was acting *pro se* until May of 2018; (2) Husband has had mental health issues; and (3) Husband could not pay the prohibitive cost for transcript preparation. *Id.* at ¶ 15(b).

Husband paid the costs of transcripts on October 24, 2018, approximately seven months after the initial request for payment and six months after the dismissal of his Exceptions.

## ISSUES RAISED ON APPEAL

Defendant claims "[t]he trial court erred in denying Husband's Motion for Reinstatement of Divorce Exceptions, as Husband was entitled to relief *nunc pro tunc* according to the controlling precedents." CONCISE STATEMENT, ¶¶ 15(a).

## LEGAL ANALYSIS

**The trial court did not err in denying Defendant's Motion for Reinstatement of Divorce Exceptions.**

In civil cases, an appeal *nunc pro tunc* generally may be granted where there has been fraud or a breakdown in the court's operations through a default of its officers preventing a timely appeal from a court order,[3] or some breakdown in the administrative process[4] caused by government officers preventing an appeal from an agency decision.[5] Negligence by administrative officials is deemed to be the equivalent of fraud for entitlement to an appeal *nunc pro tunc*;[6] and an appeal *nunc pro tunc* may be granted where a litigant is unintentionally misled by officials regarding the proper procedure to be followed.[7] This ground also includes duress or coercion that causes a delay in the filing of an appeal.[8]

---

[3] *Rothstein v. Polysciences*, Inc., 853 A.2d 1072 (Pa. Super. 2004).
[4] *Lewis v. Insurance Dept.*, 935 A.2d 36 (Pa. Cmwlth. Ct. 2007).
[5] *Fischer v. UPMC Northwest*, 34 A.3d 115 (Pa. Super. 2011).
[6] *H.D. v. Pennsylvania Dept. of Public Welfare*, 751 A.2d 1216 (Pa. Cmwlth. Ct. 2000).
[7] *Fischer v. UPMC Northwest*, 34 A.3d 115 (Pa. Super. 2011).
[8] *Hanoverian, Inc. v. Lehigh County Bd. of Assessment*, 701 A.2d 288 (Pa. Cmwlth. Ct. 1997).

3

Husband asserts he is entitled to *nunc pro tunc* relief based on the "controlling precedents" of *Commonwealth v. Stock*, 679 A.2d 760 (Pa. 1996), and *Woods v. Cicierski*, 937 A.2d 1103 (Pa. Super 2007). CONCISE STATEMENT, ¶ 15. In *Stock, supra*, a criminal defendant directed his attorney to file an appeal in the defendant's summary case. *Stock* at 761. The attorney failed to file a timely appeal, resulting in the loss of the defendant's appeal rights. *Id.* The Pennsylvania Supreme Court held that the attorney's failure to meet the appeal deadline created such extraordinary circumstances that *nunc pro tunc* relief was granted. *Id.* at 764.

In *Stock*, the Pennsylvania Supreme Court acknowledged that Pennsylvania courts have liberalized the standard for *nunc pro tunc* relief. *Stock* at 763. For example, appellate courts have sanctioned *nunc pro tunc* relief when a litigant was hospitalized during the running of the appeals period;[9] when the illness of an attorney's secretary caused delayed filing;[10] when the mechanical failure of a law clerk's car resulted in untimely filing;[11] and when the post office failed to forward notice of a referee's decision.[12] In each of these examples, the party requesting extraordinary relief played no part in the missed deadline.

*Woods, supra*, is an equitable distribution case. The husband, who was represented by counsel, understood the deadline to file exceptions to a master's recommendation but declined to appeal. *Woods* at 1104. The husband believed that he and his wife were reconciling and were making alternate arrangements for distribution of marital property. *Id.* The husband argued that his wife committed fraud, thus fulfilling the requirement "that an appellant may not appeal a case *nunc pro tunc* absent a showing of fraud or other 'unique and exceptional circumstances.'" *Woods* at 1105. The Superior Court rejected this notion, holding that the husband did not demonstrate exceptional circumstances because "he decided not to file [the exceptions] – it was an intentional act on his part[.]" *Woods* at 1106.

---

[9] *Com. v. Stock*, 679 A.2d 760, 763 (Pa. 1996) (citing *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130 (Pa. 1996)).

[10] *Com. v. Stock*, 679 A.2d 760, 763 (Pa. 1996) (citing *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)).

[11] *Com. v. Stock*, 679 A.2d 760, 763 (Pa. 1996) (citing *Perry v. Unemployment Compensation Board of Review*, 459 A.2d 1342 (Pa. Cmwlth. 1983)).

[12] *Com. v. Stock*, 679 A.2d 760, 763 (Pa. 1996) (citing *Walker v. Unemployment Compensation Board of Review*, 461 A.2d 346 (Pa. Cmwlth. 1983)).

4

Pennsylvania's courts have typically granted *nunc pro tunc* relief based on "exceptional circumstances" when a failure involves court staff. *See, e.g., Rothstein v. Polysciences, Inc.*, 853 A.2d 1072 (Pa. Super. 2004) (holding that a failure made by an employee in the Prothonotary's Office fulfills the exceptional circumstances requirement for *nunc pro tunc* relief). The Pennsylvania Superior Court has also held that the allowance of an appeal *nunc pro tunc* lies at the discretion of the trial court as long as the proper standard is applied. *Freeman v. Bonner*, 761 A.2d 1193, 1194 (Pa. Super. 2000).

In the case at bar, Husband failed to demonstrate he is entitled to *nunc pro tunc* relief based on fraud or a breakdown in the court's operations. Husband did not outline or prove any facts that would qualify as "extraordinary circumstances" under Pennsylvania case law. Husband's citation to *Stock*, *supra* (where an attorney's failure to file an appeal was grounds for *nunc pro tunc* relief) is not applicable here because Husband was self-represented and had total control over his appeal. Husband's citation to *Woods*, *supra* (where the Superior Court denied *nunc pro tunc* relief because the appellant decided not to file an appeal) actually favors the denial of extraordinary relief in this case. Like the appellant in *Woods*, Husband represented himself in the present case. Husband failed to request *in forma pauperis* status even though he claims the prohibitive cost of transcripts resulted in the dismissal of his appeal. Husband failed to provide the trial court with evidence to support his vague mental health defense, despite his claim that these problems caused his inability to pay for transcripts. Absent extraordinary circumstances involving fraud or its equivalent, the trial court was correct in denying Husband's Motion for Reinstatement.

## CONCLUSION

For the reasons set forth above, the trial court's denial of Husband's Motion for Reinstatement of Divorce Exceptions should be AFFIRMED.

RESPECTFULLY SUBMITTED:

_____
Linda Rovder Fleming, J.

5