**Lori WOODS, Appellee**

v.

**Joseph CICIERSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted on July 30, 2007.

Filed Nov. 26, 2007.

Lisa A. Welkey, Pittston, for appellant.

Erik N. Dingle, Kingston, for appellee.

BEFORE: TODD, KELLY, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Joseph Cicierski ("Husband") appeals from the trial court Order denying his exceptions to the Master's report in a

divorce action as well as his petition for the trial court to allow him to appeal from the Master's 2003 report *nunc pro tunc*. In support of his appeal, Husband argues that the trial court erred in failing to find evidence of fraud which would require the court to overturn the Master's September 2003 Report or allow him to appeal *nunc pro tunc*. After review, we find that none of Husband's allegations of error require reversal. Consequently, we affirm the trial court's Order.

¶ 2 This case involves Husband and Lori Woods ("Wife"). Wife filed for divorce in February of 2002, seeking resolution of collateral issues, including alimony and equitable distribution of property. Husband filed an answer and counterclaim in May of 2002. The trial court appointed a Master, who held a hearing on April 23, 2003. Following that hearing, the Master entered a report and recommendation on September 19, 2003. Although Husband was represented by counsel and aware that he had 10 days to file exceptions to the master's report and recommendation, he chose not to do so. Husband claims he chose not to file exceptions because he believed that he and Wife were in the process of reconciling and had made alternate arrangements for the distribution of their marital property. The trial court entered the final divorce decree in October of 2003, which included the distribution of the parties' property.

¶ 3 The parties disagree on the nature of their relationship from July of 2003 through December of 2003. Husband claims it was an intimate relationship and Wife claims that they were only friends. Regardless of the actual nature of the relationship, the relationship soured in December/January of 2003–04. In February of 2004, Husband filed a petition to have his right to file exceptions to the 2003 Master's report reinstated *nunc pro tunc,*

alleging that he did not file timely exceptions because of his reliance upon Wife's alleged fraudulent promises and representations regarding their marital property. The trial court remanded the matter to the Master and the Master held a hearing on the issue of Wife's alleged fraud on June 4, 2004, and September 14, 2004, and subsequently filed a second report on February 11, 2005.

¶ 4 Following its review of the Master's February 11, 2005 Report, oral argument and a review of the record, the trial court denied Husband's petition to appeal *nunc pro tunc* and denied his exceptions to the Master's 2005 Report. Husband then filed this appeal and presents the following questions for our review:

1. [Whether the] trial court erred in denying the defendant's petition for appeal non [*sic*] pro tunc and the master's decision of September 19, 2003 where nunc pro tunc relief was appropriate and warranted[?]

[2]. Whether the trial court erred in failing to find evidence of fraud or its equivalent in the proceeds [*sic*] appropriate to overturn the master's decision of September 19, 2003[?]

[3]. Did the trial court err in improperly denying defendants [*sic*] exceptions and petition for appeal nunc pro tunc[?]

[4]. Whether the trial court abused its discretion in failing to grant defendant's petition for approval nunc pro tunc to the master's decision on September 19, 2003[?]

[5]. Whether the trial court abused its discretion in failing to find fraud or its equivalent in proceedings permitting defendant's appeal non [*sic*] pro tunc to master's decision of September 19, 2003[?]

Brief for Appellant at 5–6. (capitalization removed and numbers corrected to improve readability). Although Husband sets forth five questions for our review, the argument section of his brief contains only one section, in violation of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a). Indeed, Husband's five questions essentially state that the trial court erred in denying Husband's petition for appeal *nunc pro tunc* and denying his exceptions to the 2003 Master's report.

¶ 5 In his argument section, Husband concedes that an appellant may not appeal a case *nunc pro tunc* absent a showing of fraud or other "unique and exceptional circumstances." Brief for Appellant at 11. He then claims that Wife's actions in this case constitute the sort of fraud required for the trial court to reinstate his appellate rights. Brief for Appellant at 12–13. He also argues that the trial court should have granted his petition for reinstatement of his appeal rights because he failed to file his exceptions for "non-negligent reasons" as delineated in our Supreme Court's decision in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). Brief for Appellant at 13–14. Finally, he argues that the Master and the trial court applied the wrong legal standard because he was not seeking to set aside the divorce decree. Brief for Appellant at 15.

¶ 6 None of Husband's arguments are of any merit. It is undisputed that there is no signed agreement between the parties which disposes of their property, and thus, the testimony and credibility of the parties regarding their reconciliation and any promises made to one another was a key issue on remand to the Master. Husband repeatedly refers to the fact that according to him, Wife committed extrinsic or collateral fraud. However, he fails to address the fact that the Master and the trial court found his testimony to be not credible and found in favor of Wife on this issue.

■ ¶ 7 In its Pa.R.A.P.1925(a) Opinion, the trial court stated that the Master found that Husband and his witnesses were not credible and denied Husband's petition and exceptions. Trial Court Opinion, 12/27/06, at 1–2 (unnumbered). It is well established that the credibility of witnesses is an issue to be determined by the trier of fact. *See Krankowski v. O'Neil*, 928 A.2d 284, 287 (Pa.Super.2007). On appeal this Court will not revisit the trial court's determinations, or in this case the Master's determinations, regarding the credibility of the parties. *See In re K.C.*, 903 A.2d 12, 16 (Pa.Super.2006). Thus, this argument, which would require this Court to revisit and essentially reverse the Master on his credibility determinations, provides no grounds for relief.

■ ¶ 8 To the extent that Husband argues that the trial court should have granted his petition to appeal *nunc pro tunc* because, as in *Bass*, his failure to file was based on non-negligent reasons, we note that *Bass* is factually distinct and offers no support for Husband's contention. Brief for Appellant at 14. Indeed, in *Bass*, the appeal papers were prepared six days before the expiration of the appeal period and placed on the corner of the desk of the secretary responsible for filing them. *See Bass*, 401 A.2d at 1134. That secretary, who was also responsible for making sure the work of absent secretaries was completed, fell ill that afternoon and remained ill for over a week. *See id.* The appeals documents were not timely filed and counsel filed a petition to file an appeal *nunc pro tunc* four days after the expiration of the appeal period. *See id.* In this case, the record demonstrates that Husband did not timely file his exceptions because **he** decided not to file them—it was an intentional act on his part and thus

not governed by our Supreme Court's decision in *Bass*.

¶ 9 Finally, Husband argues that the Master and the trial court erred when they applied an incorrect standard regarding his petition to appeal *nunc pro tunc* and his exceptions. Brief for Appellant at 15. Specifically, Husband argues that he was seeking to file exceptions to the equitable distribution of property and not seeking to re-open the divorce decree. Husband's argument on this issue is unclear and muddled and this Court is unable to glean the impact of the alleged error made by the trial court and how it affected the outcome of the case. Husband, as the appellant, bears the burden of proving trial court error, and he failed to do so. *See Miller v. Miller*, 744 A.2d 778, 788 (Pa.Super.1999).

¶ 10 For all the foregoing reasons,

¶ 11 Order **AFFIRMED.**