J-S03017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SEAMATES INTERNATIONAL, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SPEEDY INTERNATIONAL, LTD A/K/A SPEEDY INTERNATIONAL | |
| Appellant | No. 878 EDA 2015 |

Appeal from the Judgment Entered April 24, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2013 No. 00114

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                     **FILED JANUARY 29, 2016**

Speedy International, LTD a/k/a Speedy International ("Speedy") appeals from the April 24, 2015, judgment entered in the Philadelphia County Court of Common Pleas, awarding Seamates International, Inc. ("Seamates") $9,445.00, following a bench trial in this breach of contract action. On appeal, Speedy argues the evidence was insufficient for the trial court to conclude that Speedy and Seamates entered into a contractual relationship. For the reasons that follow, we affirm.

The trial court summarized the facts underlying this appeal as follows:

[Speedy] is a shipping company that uses a freight forwarder, J.E. Hogan, as a middleman to make arrangements for [Seamates] to ship goods. In particular, [Seamates] shipped [Speedy's] goods on May 2, 2007, September 5, 2007 and October 10, 2007. Although [Seamates] issued invoices to [Speedy], [Speedy] never paid the invoices. The amount of the unpaid invoices is $9,445.

Trial Court Opinion, 7/21/2015, at 5.

On May 6, 2013, Seamates commenced an action against Speedy for the unpaid invoices. After several amended complaints and preliminary objections, Seamates filed a fourth amended complaint on February 21, 2014, asserting causes of action for breach of oral contract and *quantum meruit*. The case proceeded to arbitration on June 16, 2014, at the conclusion of which the arbitrators entered an award in favor of Seamates and against Speedy in the amount of $9,445.00. Speedy filed a timely, *de novo* appeal to the trial court.

On January 29, 2015, following a bench trial, the court entered judgment for Seamates and against Speedy in the amount of $9,445.00. Speedy filed post-trial motions, which the court promptly denied. This timely appeal followed.[1]

_____

[1] On March 18, 2015, the trial court ordered Speedy to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Speedy complied with the court's directive, and filed a concise statement on April 8, 2015.

We note Speedy improperly filed a notice of appeal from the trial court's denial of post-trial motions. ***See Genaeya Corp. v. Harco Nat. Ins. Co.***, , 991 A.2d 342, 345 (Pa. Super. 2010) ("Appeal does not properly lie from an order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions."). However, following notice of the discrepancy from this Court, Speedy filed a *praecipe* in the trial court to enter judgment on the verdict. Judgment was entered on April 24, 2015, and, accordingly, we will treat Speedy's previously filed notice of appeal as if it was filed after the entry of judgment. ***See*** Pa.R.A.P. 905(a)(5).

Speedy's sole issue on appeal challenges the sufficiency of the evidence sustaining the trial court's entry of judgment in favor of Seamates. In particular, Speedy argues there was a "clear lack of evidence … to support the existence of any contractual relationship between Seamates [] and Speedy[]." Speedy's Brief at 6. Speedy emphasizes Seamates produced no documentary evidence demonstrating that Speedy contracted with Seamates, either on its own or through its putative agent, J.E. Hogan, to provide shipping services. Rather, it asserts the trial court relied on the "self-serving 'total recall' testimony of Seamates['] witnesses as to events [that occurred] seven years earlier[.]" *Id.*

The trial court found Speedy's issue on appeal waived, based on its determination that both Speedy's post-trial motion and concise statement failed to specify any specific errors the court made during trial. *See* Trial Court Opinion, 7/21/2015, at 3-5. Rather, the trial court stated Speedy simply "reiterates its allegations in the case, recounts the various facts and records, and proposes conclusions of law." *Id.* at 3.

The court correctly asserts that an appellant's failure to identify specific errors in a post-trial motion or a court-ordered concise statement may result in waiver of those issues on appeal. *See Brindley v. Woodland Village Restaurant, Inc.*, 652 A.2d 865, 867 (Pa. Super. 1995) ("Post-trial relief may not be granted unless the grounds therefor are specified in the motion; grounds not specified are deemed waived.") (citations omitted); *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) ("A Concise Statement which is

too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.") (quotation omitted). However, our review of Speedy's post-trial motion and concise statement reveals that Speedy adequately raised a claim, in each document, challenging the sufficiency of the evidence supporting the verdict. While both filings also included extraneous material, including in the concise statement a list of purported "facts of record,"[2] we are able to discern Speedy's claim that Seamates "failed to prove by a preponderance of the evidence that there was a contract between … Seamates … and … Speedy[.]" Concise Statement of Errors Complained of on Appeal, 4/8/2015, at 1. Accordingly, we do not find Speedy's claim waived.

Nevertheless, the trial court also determined that, even if the claim was not waived, Seamates "met its burden of proof at trial and established a right to relief." Trial Court Opinion, 7/21/2015, at 5. We agree.[3]

Relying upon the testimony at trial, the court found Speedy "is a shipping company that uses a freight forwarder, J.E. Hogan, as a middleman to make arrangements for [Seamates] to ship goods." *Id.* The court also

---

[2] *See* Concise Statement of Errors Complained of on Appeal, 4/8/2015, at 1-4.

[3] "It is well-settled that 'we may affirm the trial court's order on any valid basis.'" *Seneca Res. Corp. v. S & T Bank*, 122 A.3d 374, 387 (Pa. Super. 2015) (quotation omitted).

determined Seamates shipped goods for Speedy on three occasions in 2007, and issued invoices for those services, which Speedy failed to pay. ***Id.*** We agree with the trial court that this testimony was sufficient to demonstrate Seamates' right to relief. Although Speedy emphasizes Seamates provided no documentary evidence of the parties' agreement, we note Seamates' claims for relief were based upon an oral contract and/or *quantum meruit*. ***See*** Fourth Amended Complaint, 2/21/2014, at 1-3. Through the testimony of its two witnesses, Seamates presented evidence that (1) Speedy used J.E. Hogan as its agent to obtain shipping services from Seamates, (2) Seamates performed those services and sent the invoice to J.E. Hogan, who then forwarded it to Speedy, and (3) Speedy failed to pay the amount due.[4] ***See*** N.T., 1/29/2015, at 33, 44-46, 51-51. The trial court specifically found Seamates' witnesses "to be credible,"[5] and it is axiomatic that "the credibility of witnesses is an issue to be determined by the trier of fact." ***Woods v. Cicierski***, 937 A.2d 1103, 1105 (Pa. Super. 2007), *appeal denied*, 954 A.2d

---

[4] To establish a breach of contract claim, a plaintiff must demonstrate: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." ***Gorski v. Smith***, 812 A.2d 683, 692 (Pa. Super. 2002), *appeal denied*, 856 A.2d 834 (Pa. 2004). An action for *quantum meruit* is a claim for unjust enrichment in which the plaintiff must demonstrate: "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." ***Lackner v. Glosser***, 892 A.2d 21, 24 (Pa. Super. 2006) (citation omitted).

[5] N.T., 1/29/2015, at 73.

578 (Pa. 2008).  Therefore, we agree the evidence was sufficient to support the court's verdict in favor of Seamates.[6]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

---

[6] Indeed, Speedy's attorney acknowledged during closing arguments that the trial court "could find that [Seamates' witnesses were] credible" and "accept [their] testimony as true without any documentation whatsoever." N.T., 1/29/2015, at 66-67.